SCHOOLS — IMMUNIZATION OF STUDENTS — ENFORCEMENT The provisions of the immunization act (70 O.S. 1210.191 [70-1210.191] — 70 O.S. 1210.194 [70-1210.194] (1971), as amended by Senate Bill No. 298 of the Second Regular Session of the Thirty-fifth Oklahoma Legislature 1976) may be enforced by not admitting any minor child to any public, private, or parochial school operating in this State unless one of the following is done; (1) Such child presents to the appropriate school authorities certification from a licensed physician, or authorized representative of the State Department of Public Health, that such child has received, or is in the process of receiving immunization against the statutorily specified diseases, or is likely to be immune as the result of the disease; or (2) The parent or guardian of such child submits to the State Department of Public Health a certificate of a licensed physician that the physical condition of the child is such that the immunization would endanger the life or health of the child; or (3) The parent or guardian of such child submits a written statement objecting to such tests or immunization on medical, religious or personal grounds, and claiming exemption from the provisions of the immunization act. A public officer or person whose duty it is to supervise and secure the enforcement of the required immunization program or assist therein is guilty of a misdemeanor if such officer or person wilfully neglects or omits to perform such duty, and, accordingly, may be punished by the penalties set out in 21 O.S. 10 [21-10] (1971). The Attorney General has considered your request for an opinion wherein you refer to an advisory letter dated June 17, 1976, regarding enforcement of the immunization provisions of the Oklahoma School Code, and ask, in effect, the following question: In what manner may compliance of the provisions of the immunization act of the Oklahoma School Code (70 O.S. 1210.191 [70-1210.191] — 70 O.S. 1210.194 [70-1210.194] (1971), as amended by Senate Bill No. 298 of the Second Regular Session of the Thirty-fifth Legislature) be enforced? Those parts of the immunization act of the Oklahoma School Code which are material to your question are found at 70 O.S. 210.191 [70-210.191](a)(b), 70 O.S. 1210.192 [70-1210.192] and 70 O.S. 1210.193 [70-1210.193] (1971), which state, respectively, as follows: 70 O.S. 1210.191 [70-1210.191]. "(a) No minor child shall be admitted to any public, private, or parochial school operating in this state unless such child can present to the appropriate school authorities certification from a licensed physician, or authorized representative of the State Department of Public Health, that such child has received or is in the process of receiving, immunizations against diphtheria, pertussis, tetanus, measles (rubeola), (rubella), poliomylitis, and smallpox, or is likely to be immune as a result of the disease. "(b) Immunization tests required, and the manner and frequency of their administration, as prescribed by the State Board of Health, shall conform to recognized standard medical practices in the state. The State Department of Public Health shall supervise and secure the enforcement of the required immunization program. The State Department of Education and the governing boards of the school districts of this state shall render reasonable assistance to the State Department of Public Health in the enforcement of the provisions hereof. 70 O.S. 1210.192 [70-1210.192]. "Any minor child, through his parent or guardian, may submit to the health authority charged with the enforcement of the immunization laws a certificate of a licensed physician, stating that the physical condition of the child is such that immunization would endanger the life or health of the child; or upon receipt of a written statement by the parent or guardian objecting to such tests or immunizations and said child shall be exempt from the provisions of this act. 70 O.S. 1210.193 [70-1210.193]. "The immunizations will be administered by a licensed physician, someone under his direction, or public health department. If the parents or guardians are unable to pay, the State Department of Public Health shall provide, without charge, the immunization materials required by this act to such pupils. The parents, guardian or person having legal custody of any child may claim an exemption from the immunizations on medical, religious or personal grounds." By a plain reading of the above-quoted provisions, the State Department of Public Health is the designated agency to supervise and secure the enforcement of the required immunization program. The State Department of Education and the governing boards of the school districts of the State are required to render reasonable assistance to the State Department of Public Health in the enforcement of said program. Pursuant to Paragraph (a) of 70 O.S. 1210.191 [70-1210.191], no minor child shall be admitted to any public, private, or parochial school operating in the State of Oklahoma unless such child can present to the appropriate school authorities certification from a licensed physician, or authorized representative of the State Department of Public Health, that such child has received or is in the process of receiving immunization against certain designated diseases, or is likely to be immune thereto as a result of the disease. The designated diseases for which immunization is required may be changed by the State Board of Public Health pursuant to the procedure set out in Paragraph (c) of 70 O.S. 1210.191 [70-1210.191] (1971), as amended by Senate Bill No. 298, supra. Provisory provisions to such required immunizations are set out in 70 O.S. 1210.192 [70-1210.192] and 70 O.S. 1210.193 [70-1210.193] [70-1210.193]. In said sections, it is provided that the parents, guardian, or person having legal custody of any child may claim an exemption from the immunization act on medical, religious or personal grounds; that upon receipt by the designated authorities of either a certificate of a licensed physician stating that the physical condition of the child is such that immunization would endanger the child's life or health, or a written statement by the parent or guardian objecting to such tests or immunization, said child shall be exempt from the provisions of the immunization act. In regards to the enforcement of the immunization act of the Oklahoma School Code, no sanctions or penalties are provided therein for failure to comply therewith, other than denial of admission of the child. That is, a minor child may not be admitted to any public, private, or parochial school operating within this State unless he has received or is in the process of receiving the designated tests and immunization or submitted the necessary certificate of a licensed physician or written statement by the parent or guardian to exempt the child from the provisions of the immunization act. Also, no specific provision is made in said immunization act for compelling the supervision and enforcement of the immunization act, and the assistance required of the State Board of Education and the governing boards of the school districts to the State Department of Public Health. However, 21 O.S. 580 [21-580] and 21 O.S. 581 [21-581] (1971) provide as follows: 21 O.S. 580 [21-580]. "A public officer or person holding a public trust or employment upon whom any duty is enjoined by law, who wilfully neglects to perform the duty is guilty of a misdemeanor. This section does not apply to cases of official acts or omissions, the prevention or punishment of which is otherwise specially provided by statute. 21 O.S. 581 [21-581]. "Where duty is or shall be enjoined by law upon any public officer, or upon any person holding any public trust or employment, every wilful omission to perform such duty where no special provision shall have been made for the punishment of such delinquency, is punishable as a misdemeanor." The immunization act of the Oklahoma School Code makes no specific provision for punishing those public officers charged with the enforcement of the provisions of said act. Therefore, 21 O.S. 580 [21-580] and 581 (1971) are applicable when such officers or persons wilfully fail or neglect to supervise and secure enforcement of the required immunization program or to assist in the enforcement thereof. Such wilful failure or neglect is punishable as a misdemeanor by the penalties set out at 21 O.S. 10 [21-10] (1971). It is, therefore, the opinion of the Attorney General that the provisions of the immunization act (70 O.S. 1210.191 [70-1210.191] — 70 O.S. 1210.194 [70-1210.194] (1971), as amended by Senate Bill No. 298 of the Second Regular Session of the Thirty-fifth Oklahoma Legislature 1976) may be enforced by not admitting any minor child to any public, private, or parochial school operating in this State unless one of the following is done: (1) Such child presents to the appropriate school authorities certification from a licensed physician, or authorized representative of the State Department of Public Health, that such child has received, or is in the process of receiving immunization against the statutorily specified diseases, or is likely to be immune as the result of the disease; or (2) The parent or guardian of such child submits to the State Department of Public Health a certificate of a licensed physician that the physical condition of the child is such that the immunization would endanger the life or health of the child; or (3) The parent or guardian of such child submits a written statement objecting to such tests or immunization on medical, religious, or personal grounds, and claiming exemption from the provisions of the immunization act. A public officer or person whose duty it is to supervise and secure the enforcement of the required immunization program or assist therein is guilty of a misdemeanor if such officer or person wilfully neglects or omits to perform such duty, and, accordingly, may be punished by the penalties set out in 21 O.S. 10 [21-10] (1971). (HAROLD B. McMILLAN) (ksg)